**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **KAREN DUBOSE,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:10-CV-02952-WSD-AJB** |
| **v.** | : | |
| | : | |
| **SYSCO CORP.** *doing business as* | : | |
| **Fresh Point Atlanta,** | : | |
| | : | |
| **Defendant.** | : | |

**ORDER FOR SERVICE OF**
**REPORT AND RECOMMENDATION**

Attached is the Report and Recommendation of the United States Magistrate

Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b),

N.D. Ga. R. 72.1(B), (D), and Standing Order 08-01 (N.D. Ga. June 12, 2008). Let the

same be filed and a copy, with a copy of this order, be served upon counsel for the

parties or, if a party is not represented, upon that party directly.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any,

to the Report and Recommendation within **fourteen (14)** days of service of this Order.

Should objections be filed, they shall specify with particularity the alleged error(s)

made (including reference by page number to any transcripts if applicable) and shall be

served upon the opposing party. The party filing objections will be responsible for

AO 72A
(Rev.8/8
2)

obtaining and filing the transcript of any evidentiary hearing for review by the District Court.  If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review.  *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this  31st  day of  January  , 2011.

**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **KAREN DUBOSE,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:10-CV-02952-WSD-AJB** |
| **v.** | : | |
| | : | |
| **SYSCO CORP.** *doing business as* | : | |
| **Fresh Point Atlanta,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES MAGISTRATE JUDGE'S**
**NON-FINAL REPORT AND RECOMMENDATION**

This matter is currently before the Court for a review pursuant to 28 U.S.C. § 1915(e)(2)(B) of Plaintiff's amended complaint. For the reasons set forth below, the Court **RECOMMENDS** that Plaintiff's claims for retaliation and hostile work environment under Title VII and for retaliation under the Age Discrimination in Employment Act be **DISMISSED** but that Plaintiff's claim for discriminatory discharge under the Age Discrimination in Employment Act and compensation discrimination under Title VII be **ALLOWED TO PROCEED**.

*Introduction*

On September 27, 2010, Plaintiff was granted leave to proceed *in forma pauperis* in her case against Defendant SYSCO Corp. ("SYSCO"). [Doc. 2]. In the initial

complaint, Plaintiff alleged that SYSCO violated: (1) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") by terminating her because of her sex and her complaints of discrimination; (2) the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA") by terminating her because of her age and her complaints of discrimination; and (3) the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA") by retaliating against her for taking medical leave. After reviewing Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), the undersigned issued a non-final Report and Recommendation ("R&R") recommending that Plaintiff's Title VII sex-based discriminatory discharge claim and Plaintiff's FMLA retaliatory discharge claim be permitted to proceed.  The undersigned also recommended that Plaintiff be given an opportunity to replead her claims for retaliatory discharge under Title VII and for discriminatory and retaliatory discharge under the ADEA.  [Doc. 4]. The District Court adopted the R&R and ordered Plaintiff to file a single amended complaint, which contained all allegations and all claims that Plaintiff wanted to bring against Defendant.  [*See* Doc. 8].

Plaintiff has now filed her amended complaint.  [Doc. 12].  In this amended complaint, Plaintiff alleges the following claims: (1) retaliation under the FMLA, [*id.* at 2-3]; (2) discriminatory discharge under the ADEA, [*id.* at 3-4]; (3) sex

2

discrimination under Title VII in which Plaintiff complains of a hostile work environment, compensation discrimination, and discriminatory discharge; and (4) retaliation under the ADEA and Title VII in discharging Plaintiff.  The District Court has previously determined that Plaintiff's FMLA retaliation and Title VII sex discrimination discharge claims could proceed, so the undersigned does not review these claims pursuant to 28 U.S.C. § 1915(e)(2)(B).  [*See* Doc. 8].  Instead, the undersigned performs the statutorily mandated review under § 1915(e)(2)(B) to determine whether Plaintiff's allegations in her amended complaint allow the following claims to proceed: (1) Title VII retaliatory discharge; (2) ADEA retaliatory discharge; (3) ADEA discriminatory discharge; (4) Title VII hostile work environment; and (5) Title VII compensation discrimination.

### *Discussion*

Under 28 U.S.C. § 1915(e), a court must "*sua sponte* dismiss [an indigent non-prisoner's] complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. " *Robert v. Garrett*, No. 3:07-cv-625, 2007 WL 2320064, *1(M.D. Ala. Aug. 10, 2007); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  A claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.' " *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir.

3

2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11ᵗʰ Cir. 2001)). " A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Thompson v. Fernandez Rundle*, No. 10-10029, 2010 WL 3279158, *2 (11ᵗʰ Cir. Aug. 20, 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11ᵗʰ Cir. 1997)). As a result, [d]ismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face.' " *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).

The undersigned examines whether Plaintiff's amended complaint has alleged sufficient facts to survive the § 1915(e)(2)(B) review for the following claims: (1) Title VII retaliatory discharge; (2) ADEA retaliatory discharge; (3) ADEA discriminatory discharge; (4) Title VII hostile work environment; and (5) Title VII compensation discrimination.[1] Each claim is discussed separately below.

*A.    Title VII Retaliatory Discharge*

Plaintiff alleges that she made complaints on February 13, 2007, February 15, 2007, June 11, 2007, September 2007, and February 14, 2008. [Doc. 12 at 5-6]. The

---

[1]     Although the District Court did not explicitly give Plaintiff leave to add additional claims in her amended complaint, the undersigned reviews these claims under § 1915(e)(2)(B) because Plaintiff would be presumably be allowed to amend her complaint as a matter of right to add these additional claims. *See* FED. R. CIV. P. 15(a)(1)(B).

4

contents of these complaints are as follows.  In the February 13 complaint, Plaintiff

verbally complained about being understaffed, being set up to fail, and having her

supervisor (Robinson) tell her staff not to listen to her.  [*Id.* at 5].  On February 15,

Plaintiff spoke to another supervisor about these concerns.  [*Id.*].  Plaintiff filed a

complaint with Defendant in June 2007 about Robinson's unfair practices, including

Robinson's micro managing, Plaintiff's inability to hire her own staff, and her feeling

humiliated by Robinson.  [*Id.*].  In September 2007, Plaintiff verbally complained that

she was not being treated as a manager, not being allowed to do her job, being blamed

for Robinson's decisions, and not being allowed to run her department like the male

managers.  [*Id.* at 5-6].  Finally, in February 2008, Plaintiff complained about being set

up for failure because she did not have the product that she needed and she was

understaffed.  [*Id.* at 6].  Plaintiff was terminated on April 17, 2008, two months after

the February 2008 complaint.  [*Id.* at 2, 6].

Title VII forbids an employer from "discriminat[ing] against any of his

employees . . . because [the employee] has opposed any practice made an unlawful

employment practice" by Title VII.  42 U.S.C. § 2000e-3(a).  Therefore, a plaintiff will

state a claim for retaliation if she shows that she suffered a materially adverse action

5

because she complained about an unlawful employment practice. *See id.*; *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

The undersigned concludes that Plaintiff has not alleged facts to demonstrate that her termination was a result of her opposition to unlawful employment practices. As alleged, Plaintiff's complaints were not about sex discrimination or any other practice made unlawful under Title VII, but instead were about inadequate staffing, Robinson telling staff not to listen, being set up for failure, being micro managed, not being allowed to hire her staff, and being held accountable for Robinson's decisions. None of these complaints indicate that Plaintiff complained about sex discrimination or any other type of discrimination to Defendant, but instead indicate that Plaintiff complained about general unfair treatment. As a result, Plaintiff has not demonstrated that she complained of unlawful conduct, so her retaliation claims should be dismissed. *See Coutu v. Martin Co. Bd. of Co. Comm'r.*, 47 F.3d 1068, 1074 (11th Cir. 1995) ("Unfair treatment, absent discrimination based on race, sex, or national origin, is *not* an unlawful employment practice under Title VII.") (emphasis in original).

The only complaint that might have been statutorily protected activity was Plaintiff's September 2007 complaint about not being able to run her department like her male counterparts. To the extent that this complaint is a complaint about sex

6

discrimination, the undersigned still concludes that Plaintiff has not alleged facts to

state a claim for retaliation.  Plaintiff needed to show that her termination was a result

of this September 2007 complaint, but Plaintiff's allegations, even liberally construed,

cannot be read to suggest that her termination was a result of this September 2007

complaint.  Plaintiff appears to tie her termination to the February 2008 complaint

where she alleges that she was terminated two months after making this complaint.

[Doc. 12 at 6].  There is nothing to suggest that the September 2007 complaint was

related to the termination.  As a result, the undersigned concludes that Plaintiff has not

stated any Title VII retaliation claims.  *Cf. Brown v. Ala. Dep't of Transp.*, 597 F.3d

1160, 1182 (11th Cir. 2010) (noting that without other evidence to establish causation,

a three-month interval or greater between the complaint and the adverse action is

insufficient to establish the causal element of the *prima facie* case for retaliation under

the *McDonnell Douglas* framework[2]).

_____

[2]      The undersigned is aware that Plaintiff does not need to establish a *prima facie* case under the *McDonnell Douglas* framework to state a claim for retaliation.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002) ("[A]n employment discrimination plaintiff need not plead a prima facie case of discrimination.").  However, Plaintiff still must plead facts to plausibly suggest that her termination was a result of her complaint.  In the *McDonnell Douglas* context, the Eleventh Circuit has determined that periods greater than three months are insufficient to establish an inference of causation.  *See Brown*, 597 F.3d at 1182.  As a result, the undersigned concludes that this case law, although not dispositive, undermines Plaintiff's attempt

AO 72A
(Rev.8/8
2)

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Title VII retaliation claims be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

### B. ADEA Retaliatory Discharge

Like Title VII, the ADEA prohibits an employer from "discriminat[ing] against any of his employees . . . because such individual . . . has opposed any practice made unlawful by" the ADEA. 29 U.S.C. § 623(d). Therefore, a plaintiff will state a claim of retaliation under the ADEA if she shows that she suffered an adverse action because she complained about age discrimination. *See id.*

The undersigned concludes that Plaintiff's amended complaint has not stated any retaliation claims under the ADEA. As outlined above, Plaintiff's complaints to the Defendant were mainly about general unfair treatment. Plaintiff's amended complaint does not suggest anywhere that she complained about discriminatory practices based on age. Without such allegations, the undersigned concludes that she did not complain

---

to link her September 2007 complaint with her April 2008 termination because Plaintiff's amended complaint has not suggested that the two events are related other than noting that they occurred seven months apart. The undersigned therefore concludes that Plaintiff cannot state a Title VII retaliatory discharge claim based on her September 2007 complaint because no allegations plausibly suggests that this complaint was related to the termination.

8

of conduct made unlawful by the ADEA and therefore has not stated any claims for retaliation under the ADEA.

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's ADEA retaliation claims be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

### C.    *ADEA Discriminatory Discharge*

The ADEA prohibits an employer from "discharg[ing] any individual . . . because of such individual's age," 29 U.S.C. § 623(a)(1), if the individual is "at least 40 years of age," 29 U.S.C. § 631(a).  Plaintiff has alleged that following her termination, she was replaced by a younger male with less experience and that her supervisor (Robinson) told her that since she had turned 50, she was falling apart. [Doc. 12 at 3].  Given these allegations, the liberal pleading rules in FED. R. CIV. P. 8(a) and the liberal construction of *pro se* complaints, the Court cannot say that the legal theories or factual contentions advanced by Plaintiff lack an arguable basis; thus, Plaintiff's discriminatory discharge under the ADEA is not frivolous.  *Cf. Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (*en banc*) (noting that a plaintiff makes a *prima facie* case of age discrimination under the *McDonnell Douglas* framework if she shows that she was replaced by or lost the position to a younger employee).

9

AO 72A
(Rev.8/8
2)

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's discriminatory discharge claim under the ADEA be **ALLOWED TO PROCEED** like any other claim in a civil action.

### D.    *Title VII Hostile Work Environment*

Plaintiff makes the following allegations, which the undersigned, construes as relating to a hostile work environment claim: (1) she was not allowed to hire her own staff while her male counterparts were; (2) she was micro managed; (3) she was "verbally assaulted" by three male employees and no action was taken; and (4) she was the only manager required to walk the grounds at night every two hours. [Doc. 12 at 4-5]. These allegations are insufficient to state a hostile work environment claim.

A plaintiff states a hostile work environment based on sex by showing:

(1) that she belongs to a protected group; (2) that she has been subject to unwelcome sexual harassment; (3) that the harassment was based on her sex; (4) that the harassment "was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment"; and (5) a basis for holding the employer liable.

*Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1257 (11th Cir. 2003) (quoting *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999) (*en banc*)).   Teasing, offhand comments, and isolated incidents do not alter the terms or conditions of employment.

10

*Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).  Instead, " 'it is repeated incidents of verbal harassment that continue despite the employee's objections [that] are indicative of a hostile work environment' and not simply some 'magic number' of . . . insults."  *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11ᵗʰ Cir. 2002) (quoting *Shanoff v. Ill. Dep't of Human Servs.*, 258 F.3d 696, 704 (7ᵗʰ Cir. 2001)).

The Court concludes that Plaintiff's hostile work environment claim as alleged is insufficient to state a claim.  First, Plaintiff's allegation that she was required to walk outside at night does not establish that the conduct was based on her sex.  Second, Plaintiff's allegation that she was the only female manager who was micro managed does not establish that such conduct was based on her sex.  Third, Plaintiff's allegations of three incidents of verbal assault do not demonstrate that she experienced repeated incidents of offensive language to establish a hostile work environment.  Fourth, the additional allegations (even if based on her sex) of not being able to hire her staff, being micro managed, and walking outside of the building are not enough to make the hostile work environment plausible on its face because courts have determined that similar (or worse) conduct did not establish a hostile work environment.  *See Singh v. U.S. House of Representatives*, 300 F. Supp. 2d 48, 56 (D.D.C. 2004) (finding no hostile work

11

AO 72A
(Rev.8/8
2)

environment where plaintiff alleged that her direct supervisor addressed her rudely, yelled at her, was constantly hypercritical, criticized her work by focusing on all the things she was doing wrong and subjecting her to unjust criticisms, and spoke to her as if she did not understand English very well); *Patton v. Indianapolis Public School Bd.*, 276 F.3d 334, 339 (7th Cir. 2002) (holding that allegations did not create an actionable work environment where supervisor "treated [the plaintiff] in a rude, abrupt, and arrogant manner, ignored her work-related suggestions[,] failed to keep her informed about changes at work [and] subjected her to stern and severe criticism"); *Black v. Zaring Homes*, 104 F.3d 822 (6th Cir. 1997) (finding no hostile work environment where plaintiff was subjected to various sexually suggestive and discriminatory comments during regular meetings over a four-month period); *Mosley-Coleman v. Potter*, No. 3:09-cv-33, 2009 WL 1811552, *3 (S.D. Ga. June 24, 2009) (citing cases that did not establish a hostile work environment claim, including one in which plaintiff alleged that her supervisor yelled at her and told others to ignore and spy on her); *Rizkalla v. Eng'g, Mgmt. & Integration, Inc.*, No. 1:05-cv-957, 2006 WL 4459434, *13 (E.D. Va. Aug. 29, 2006) (finding conduct was not severe or pervasive which involved a co-worker kissing plaintiff, the HR director commenting about plaintiff's appearance

12

and being verbally abusive, a co-worker telling plaintiff she looked nice, and co-workers talking to plaintiff in a hostile manner on various occasions).

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Title VII hostile work environment claim be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

E.    *Title VII Compensation Discrimination*

An employee may file suit under Title VII for wage discrimination. *Miranda v. B&B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1528 (11th Cir. 1992). To make such a claim, a plaintiff must demonstrate "similarity between male and female-occupied jobs" and that there was "an intent to discriminate on the basis of sex" in making the compensation decision. *Id.* at 1526; *see also Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1019 (11th Cir. 1994) ("Under the *McDonnell Douglas / Burdine* approach, a female Title VII plaintiff establishes a *prima facie* case of sex discrimination by showing that she occupies a job similar to that of higher paid males."); *Edmondson v. Bd. of Trs. of Univ. of Ala.*, 258 Fed. Appx. 250, 252 (11th Cir. Dec. 4, 2007) ("To state a prima facie case of intentional discrimination in compensation, the plaintiff here seeks to establish that (1) she belongs to a protected class; (2) she received low wages; (3) similarly situated comparators outside the protected class received higher compensation; and (4) she was qualified to receive the higher wage."). Here, Plaintiff

13

has alleged, "All the males in the night shipping department were given a raise. Neither, Pamelia Kendrick [nor] myself was given a raise, the only two females." [Doc. 12 at 4].[3]  Given these allegations, the liberal pleading rules in FED. R. CIV. P. 8(a) and the liberal construction of *pro se* complaints, the undersigned concludes that Plaintiff's Title VII compensation discrimination claim is not frivolous because Plaintiff's allegations suggest that Defendant's decision concerning the raise was based on sex.

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Title VII wage discrimination claim be **ALLOWED TO PROCEED** like any other claim in a civil action.

---

[3]     To the extent that Plaintiff intended to raise a claim under the Equal Pay Act, the undersigned concludes that this allegation is insufficient. "An employee demonstrates a prima facie case of an Equal Pay Act violation by showing that the employer paid employees of opposite genders different wages for equal work for jobs which require 'equal skill, effort, and responsibility, and which are performed under similar working conditions.' " *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1077-78 (11th Cir. 2003) (quoting *Irby v. Bittick*, 44 F.3d 949, 954 (11th Cir. 1995)). Plaintiff has not provided any allegations about the wages or the type of work that any comparators performed.  Without this information, the undersigned concludes that Plaintiff has not stated a claim under the Equal Pay Act.

14

*Conclusion*

For the reasons above, the Court **RECOMMENDS** that Plaintiff's claims for

wage discrimination under Title VII and discriminatory discharge under the ADEA be

**PERMITTED TO PROCEED**, but that Plaintiff's claims for Title VII hostile work

environment and for retaliation under the ADEA and Title VII be **DISMISSED**.[4]

**IT IS SO RECOMMENDED**, this __31st__ day of __January__, 2011.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[4]      If the District Court adopts this R&R, Plaintiff will be allowed to pursue
the following claims in her lawsuit: (1) Title VII discriminatory discharge based on sex;
(2) Title VII wage discrimination; (3) ADEA discriminatory discharge; and (4) FMLA
retaliation.

15