IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KAREN DUBOSE,

                Plaintiff,

v.                                1:10-cv-02952-WSD

SYSCO CORPORATION, d/b/a
FRESH POINT ATLANTA,

                Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Alan J. Baverman's Non-Final Report and Recommendation ("R&R") [13] on Plaintiff Karen Dubose's ("Plaintiff") Amended Complaint [12]. After conducting a frivolity review of the Amended Complaint, the Magistrate Judge recommended that Plaintiff's claims for discriminatory discharge under the Age Discrimination in Employment Act ("ADEA") and compensation discrimination under Title VII be allowed to proceed, but that Plaintiff's claims for retaliation and hostile work environment under Title VII and retaliation under the ADEA be dismissed. Plaintiff did not object to the R&R.

## I.  BACKGROUND[1]

On September 15, 2010, Plaintiff, proceeding *pro se*, filed her Complaint against Defendant SYSCO Corporation ("SYSCO" or "Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA") [1].

On September 27, 2010, the Magistrate Judge granted Plaintiff's request to proceed *in forma pauperis*, and after conducting a frivolity review of Plaintiff's Complaint, issued his Non-Final Report and Recommendation ("First R&R") [4]. The Magistrate Judge recommended that Plaintiff's claims for sex-based discriminatory discharge in violation of Title VII and retaliatory discharge in violation of the FMLA be allowed to proceed.  The Magistrate Judge also recommended that Plaintiff be given an opportunity to replead her claims for retaliatory discharge under Title VII and for discriminatory and retaliatory discharge under the ADEA.  [4].  On November 18, 2010, the Court adopted the First R&R and ordered Plaintiff to file a single, amended complaint, containing all allegations and claims that Plaintiff wished to bring against Defendant.  [8].

---

[1]  For the purposes of this Order, the Court accepts the allegations in Plaintiff's Amended Complaint as true.

On January 26, 2011, Plaintiff amended her complaint,[2] alleging violations of: (1) Title VII for retaliatory discharge; (2) ADEA for retaliatory discharge; (3) ADEA for discriminatory discharge; (4) Title VII for hostile work environment; and (5) Title VII for compensation discrimination.[3]  [12].  On January 31, 2011, the Magistrate Judge issued his R&R conducting a frivolity review of Plaintiff's Amended Complaint.  [13].  The Magistrate Judge recommended that Plaintiff's claims for wage discrimination in violation of Title VII and discriminatory discharge in violation of the ADEA be permitted to proceed, but that Plaintiff's claims for Title VII hostile work environment and for retaliation in violation of the ADEA and Title VII be dismissed.  Because Plaintiff did not object to the R&R, the Court reviews it for plain error.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate

---

[2] When Plaintiff failed to file an amended complaint within twenty (20) days, the Court directed Plaintiff to show case why her case should not be dismissed for failure to comply with a lawful order.  [9].  The Court reviewed and approved Plaintiff's response, and ordered Plaintiff to amend her complaint by January 26, 2011.  [11].

[3] Plaintiff also alleges FMLA retaliation and Title VII sex-based discriminatory discharge.  The Magistrate Judge did not review these claims because the Court previously determined that they were sufficient to survive a frivolity review.  [8].

judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Because Plaintiff did not object to the R&R, the Court reviews it for plain error.

A court must dismiss a complaint filed *in forma pauperis* if the court determines that an action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e). A claim is frivolous "if it is without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (internal citation omitted). "Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). In view of Plaintiff's *pro se* status, the Court construes Plaintiff's Amended Complaint liberally in making its frivolity analysis.

B.      Title VII Retaliatory Discharge

An employer is prohibited from "discriminat[ing] against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice" by Title VII.  42 U.S.C. § 2000e-3(a).  To support a claim for retaliatory discharge under Title VII, a plaintiff must allege facts sufficient to show that she suffered a materially adverse action because she complained about an unlawful employment practice.  Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).

Plaintiff alleges that on five (5) occasions, either verbally or in writing, she complained about inadequate staffing, her supervisor telling her staff not to listen to her, being set up for failure, being micromanaged, not being allowed to hire her own staff, and being held accountable for her supervisor's decisions.[4]  [12].  The

---

[4] Specifically, on February 13, 2007, Plaintiff alleges that she verbally complained about being understaffed and being set up to fail, and that her supervisor told her staff not to listen to her.  [12 at 5].  On February 15, 2007, Plaintiff spoke to another supervisor about these concerns.  [Id.].  On June 11, 2007, Plaintiff filed a complaint with SYSCO about her supervisor's "unfair practices," including his micromanaging, not allowing her to hire her own staff, and making Plaintiff feel humiliated.  [Id.]  In September 2007, Plaintiff verbally complained that she was not being treated as a manager, not being allowed to do her job, being blamed for supervisor's decisions, and not being allowed to run her department like the male managers.  [Id. at 5-6].  On February 14, 2008, Plaintiff complained about being set up for failure because she did not have the product that she needed and she was understaffed.  [Id. at 6].  On April 17, 2008, Plaintiff was terminated, two (2) months after her February complaint.

Eleventh Circuit has held that "unfair treatment, absent discrimination based on race, sex, or national origin, is not an unlawful employment practice under Title VII." Coutu v. Martin Co. Bd. Of Comm'r., 47 F.3d 1068, 1074 (11th Cir. 1995). The Magistrate Judge found that Plaintiff complained about general unfair treatment, not sex discrimination or any other type of discrimination prohibited by Title VII.

    The Magistrate Judge found that Plaintiff's September, 2007, complaint about not being able to run her department like her male counterparts might have been a statutorily protected activity, but that Plaintiff has failed to allege sufficient facts to suggest that she was terminated because of that complaint.  The Magistrate Judge found that Plaintiff appears to tie her April, 2008, termination to her February, 2008, complaint that she being set up for failure.  The Magistrate Judge found further that, without other evidence to establish causation, the seven (7) month interval between the September, 2007, complaint and her termination was insufficient to support a claim for retaliation.  Finding no plain error in the Magistrate Judge's findings of fact and conclusions of law that Plaintiff has failed to plead facts sufficient to suggest that she was terminated because she complained of unlawful conduct under Title VII, the Court adopts the Magistrate Judge's recommendation that Plaintiff's Title VII retaliation claims must be dismissed.

### C.      ADEA Retaliatory Discharge

An employer is prohibited from "discriminat[ing] against any of his employees . . . because such individual . . . has opposed any practice made unlawful by [the ADEA]." 29 U.S.C. § 623(d). The Magistrate Judge found that Plaintiff complained to Defendant about general unfair treatment, not discriminatory practices based on age. Finding no plain error in the Magistrate Judge's findings of fact and conclusions of law that Plaintiff has failed to allege facts sufficient to suggest that she was terminated because she complained of unlawful conduct under the ADEA, the Court adopts the Magistrate Judge's recommendation that Plaintiff's ADEA retaliation claims must be dismissed.

### D.      ADEA Discriminatory Discharge

An employer is prohibited from "discharg[ing] any individual . . . because of such individual's age," 29 U.S.C. § 623(a)(1), if the individual is "at least 40 years of age." 29 U.S.C. § 631(a). A plaintiff states a claim for discriminatory discharge in violation of the ADEA by alleging facts sufficient to show that she (1) was a member of the protected age group; (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual. Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc).

Plaintiff alleges that her supervisor told her that since she had turned 50, she was falling apart.  Plaintiff alleges also that, following her termination, she was replaced by a younger male with less experience.  The Magistrate Judge found that Plaintiff has alleged facts sufficient to establish that her claim for discriminatory discharge in violation of the ADEA is not frivolous.  Finding no plain error, the Court adopts the Magistrate Judge's recommendation that Plaintiff's ADEA discriminatory discharge claim be allowed to proceed.

E.   Title VII Hostile Work Environment

A plaintiff states a claim for a hostile work environment in violation of Title VII by alleging facts sufficient to show that:

> (1) she belongs to a protected group; (2) the employee has been subject to unwelcome sexual harassment; (3) the harassment was based on the employee's sex; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis exists for holding the employer liable.

Reeves v. C.H Robinson Worldwide, Inc., 594 F.3d 798, 808 (11th Cir. 2010) (internal citation omitted).  The statements and conduct must be of a sexual or gender-related nature; a plaintiff must show that but for the fact of her sex, she would not have been the object of harassment.  Mendoza v. Borden, Inc., 195 F.3d 1238, 1247 (11th Cir. 1999) (en banc).  Additionally, teasing, offhand comments, and isolated incidents, even if based on sex, are not sufficiently severe or pervasive

8

to alter the terms or conditions of employment.  <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 788 (1998).

Plaintiff alleges that she was the only manager required to walk the grounds at night every two hours, and that, unlike her male counterparts, she was not allowed to hire her own staff.  She alleges also that she was micromanaged and "verbally assaulted" by three male employees, but no action was taken.  The Magistrate Judge found that Plaintiff has failed to allege facts sufficient to establish that the conduct complained of was based on her sex.[5]

The Magistrate Judge found further that, even if based on her sex, the conduct complained of was not sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment.  The Magistrate Judge concluded, "courts have determined that similar (or worse) conduct did not establish a hostile work environment," even in cases where plaintiffs have alleged humiliating and more frequent sexually suggestive behavior.[6]  [13 at 11-13].  <u>See</u> <u>also</u> <u>Webb-</u>

---

[5] In fact, Plaintiff states that her supervisor told her that she "needed to walk the outside of the building every two hours to ensure safety." [12 at 5]. Plaintiff also states that she was "verbally assaulted," but fails to allege that the "assault" was related to her sex. [Id. at 4].

[6] The Eleventh Circuit has not established a bright-line rule for determining that conduct is "sufficiently severe and pervasive," but has noted that courts should consider the frequency and severity of the conduct; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether the conduct

9

Edwards v. Orange County Sheriff's Office, 525 F.3d 1013 , 1028 (11th Cir. 2008) (noting that "all of the sexual hostile environment cases decided by the Supreme Court have involved patterns or allegations of extensive, longlasting, unredressed, and uninhibited sexual threats or conduct that permeated the plaintiffs' work environment." (internal citation omitted)).  The Court finds no plain error in the Magistrate Judge's findings of fact and conclusions of law that Plaintiff has failed to allege facts sufficient to support a claim for a hostile work environment under Title VII and that Plaintiff's claim should be dismissed.

F.   Title VII Compensation Discrimination

A plaintiff states a claim for sex-based compensation discrimination under Title VII by alleging facts sufficient to show that the job she occupied was similar to higher paying jobs occupied by males.[7]  Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1528 (11th Cir. 1992); see also Welch v. Mercer University, 304 F. App'x 834, 836 (11th Cir. 2008).  Plaintiff alleges that "[a]ll the males in the night shipping department were given a raise.  Neither, Pamelia Kendrick [nor Plaintiff] was given a raise, the only two females."  [12 at 4].  The Magistrate

---

unreasonably interferes with the employee's job performance.  Mendoza, 195 F.3d at 1247.

[7]  The burden of producing a legitimate, non-discriminatory reason for the pay disparity then shifts to the defendant.  Miranda at 1528 (citing Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 255-56 (1981).

Judge found that Plaintiff's Title VII compensation discrimination claim is not frivolous because Plaintiff's allegations suggest that Defendant's decision concerning the raise was based on sex.[8]  The Court finds no plain error in the Magistrate Judge's findings of fact and conclusions of law that Plaintiff's Title VII wage discrimination claim be allowed to proceed.

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Non-Final Report and Recommendation of Magistrate Judge Alan J. Baverman [13] is **ADOPTED** and Plaintiff Karen Dubose's claims for discriminatory discharge under the ADEA and compensation discrimination under Title VII are **ALLOWED TO PROCEED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims for retaliation and hostile work environment under Title VII and retaliation under the ADEA are **DISMISSED**.

---

[8]  The Magistrate Judge found that Plaintiff has failed to allege facts sufficient to state a claim under the Equal Pay Act, which requires a showing that a plaintiff performed substantially similar work for less pay.  Because Plaintiff has not made any allegations concerning the wages or type of work that any comparators performed, Plaintiff has failed to state a claim under the Equal Pay Act.  See Miranda, 1528 at n. 15.

**SO ORDERED** this 18th day of March, 2011.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE